IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DONNA MARIE TESKEY                                                                  PLAINTIFF

V.                                        NO. 15-3042

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                 DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Donna Marie Teskey, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration(Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.   Procedural Background:**

Plaintiff protectively filed her current application for DIB on May 14, 2012, alleging an inability to work since October 30, 2008, due to: migraine headaches; interstitial cystitis; hypertension; depression; left shoulder, neck, lower back and right ankle injury; hypothyroidism; cholesterol; fibromyalgia; sleep apnea; allergies; and chronic sinusitis. (Tr. 119-125, 139, 152). An administrative hearing was held on September 18, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 1-36).

By written decision dated February 5, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

1

depression, fibromyalgia, sleep apnea, osteoarthritis of the back, and migraines. (Tr. 51). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 51). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except occasional climbing of ramps or stairs, climbing of ladders, ropes, or scaffolds, balancing, stooping, kneeling, crouching, and crawling; occasional overhead reaching, and can perform work where interpersonal contact is incidental to the work performed, the complexity of one to two step tasks is learned and performed by rote, involves few variables, requires little independent judgment, and the supervision required is simple, direct, and concrete.

(Tr. 53). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform any past relevant work, but that there were other jobs Plaintiff would be able to perform, such as housekeeping, machine tender, and inspector. (Tr. 58-59).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 23, 2015. (Tr. 37-41). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9-11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583

2

(8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe

3

physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §404.1520.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §404.1520, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III.   Discussion:

Plaintiff raises the following issues in this matter: 1) Whether there is substantial evidence to support the ALJ's decision that Plaintiff is not disabled; and 2) Whether the ALJ erred in failing to assign proper weight to the opinion of Plaintiff's treating physician. (Doc. 9).

#### A. Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the Eighth Circuit has observed, "Our touchstone is

4

that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Tr. 55). The ALJ discussed Plaintiff's daily activities, noting that she was able to care for her cat, shower, and get dressed, load the dishwasher, do laundry, dust furniture, put away groceries, and go shopping with her husband. (Tr. 55). The ALJ also noted that no physician placed any functional restrictions on her activities during the relevant time period that would preclude work activity with his RFC. (Tr. 55).

The ALJ discussed the Plaintiff's medical records, addressing the mental consultative evaluation of Dr. W. Charles Nichols, Psy.D., dated August 13, 2012. (Tr. 569). In his evaluation, Dr. Nichols reported that when asked about psychological problems, Plaintiff laughed and reported that she had been diagnosed with depression. (Tr. 569). Plaintiff had not been hospitalized for psychiatric problems, and had participated in family therapy for her son. (Tr. 569). Plaintiff reported she had been placed on Zoloft ten years previously by her family doctor and had taken it since then, and reported it had been partially effective. (Tr. 569). Dr. Nichols noted that Plaintiff did shift about in her seat regularly and asked to stand at one point. (Tr. 571). Dr. Nichols believed Plaintiff gave less than full effort and seemed to be progressively less motivated as the session continued, which he suggested might be partially due to depression. (Tr. 572). Dr. Nichols gave her a brief self-report SVT measure, but she did not complete it, explaining that she "had a migraine" that "was making everything blurry." Dr. Nichols diagnosed Plaintiff with depressive disorder, NOS, and gave

her a GAF score of 60. (Tr. 573). Dr. Nichols opined that Plaintiff had a mild impairment of functioning in daily activities, and that for the most part, other than due to her alleged medical problems, Plaintiff's daily functioning was intact. (Tr. 573). He found possible signs of symptom exaggeration included poor effort on mental status items, and that her allegations of depression appeared to be congruent with clinical presentation. He also opined that when answering cognitive screening items, Plaintiff appeared to be insufficiently motivated to perform, and that the validity of Plaintiff's mental evaluation, due to fluctuating effort with mental status procedures, was questionable. (Tr. 573).

      The ALJ also noted that although Plaintiff was encouraged to go to physical therapy to learn exercises for her impairments, subsequent medical records did not reveal that she attended physical therapy. (Tr. 55). In addition, Plaintiff refused to have recommended facet or trigger point injections. (Tr. 55). The ALJ discussed the medical records regarding Plaintiff's physical impairment, noting that in January of 2013, a MRI study of Plaintiff's neck and lumbar spine revealed degenerative disc disease at the L4-L5 levels with no significant stenosis and no other abnormalities. (Tr. 54). Dr. Reeves, an orthopedic specialist, diagnosed Plaintiff with neck pain, low back pain, and degenerative disc disease at the L4-L5 levels, and recommended physical therapy. (Tr. 54). X-rays of Plaintiff's cervical spine taken in May of 2013, revealed degenerative disc space disease at the C4-C5 and C5-C6 levels.

      The ALJ noted that he considered Plaintiff's subjective complaints of pain, the objective medical evidence, and any evidence relating to Plaintiff's daily activities, duration, frequency, and intensity of Plaintiff's pain, dosage and effectiveness of medication, precipitating and aggravating factors, and functional restrictions, as required by Polaski.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

### B. RFC Determination:

Plaintiff argues the ALJ erred in failing to assign proper weight to Dr. James Justice's Medical Source Statement. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

With respect to weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques, and must be consistent

7

with other substantial evidence in the record." Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014). "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id. "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id

In his decision, the ALJ discussed the statement of Dr. Justice, and acknowledged the limitations Dr. Justice found Plaintiff experienced. The ALJ concluded that his opinion was too extreme for the objective problems and was inconsistent with her activity level. (Tr. 57). He also noted that Dr. Justice saw Plaintiff two times in the previous three years, and that his previous notes did not record any significant limitations due to the alleged impairments. (Tr. 57). Finally, the ALJ noted that RFC checklists, although admissible, were entitled to little weight in the evaluation of disability, and gave Dr. Justice's opinion little weight. (Tr. 57).

The ALJ also discussed the Physical RFC Assessment of non-examining consultant, Dr. Ronald Crow, D.O., as well as the Mental RFC Assessment of Dr. Abesie Kelly, Ph.D., and gave them both great weight. (Tr. 57).

The Court finds that based upon the record as a whole, there is substantial evidence to support the ALJ's RFC determination, and the weight he gave to the various opinions.

### C. Hypothetical Question and VE Testimony:

Although the Court believes there is substantial evidence to support the ALJ's decision relating to the above issues, and although Plaintiff failed to raise the following issue

8

in her brief, the Court nevertheless finds that this matter should be remanded to the ALJ, because the Court believes there is an apparent conflict between the Dictionary of Occupational Titles (DOT) and the VE testimony. In his RFC, the ALJ limited Plaintiff to occasional overhead reaching. (Tr. 53). The jobs found by the ALJ that Plaintiff would be able to perform all require frequent reaching. DOT §§323.687-014, 556.685-022, 727.685-010. Consequently, there is a conflict between the DOT and the VE's testimony. See Moore v. Colvin, 769 F.3d 987, 989 (8th Cir. 2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the VE identified jobs which the DOT said required frequent reaching).

When an apparent conflict between the DOT and VE testimony exists, an ALJ has an affirmative responsibility to address the conflict. Young v. Apfel, 221 F.3d 1065, 1070 (8th Cir. 2000). If evidence from the VE appears to conflict with the DOT, the ALJ must obtain "an explanation for any such conflict." Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because a VE responded "yes" when asked if his testimony was consistent with the DOT. Kemp v. Colvin, 743 F.3d 630, 632-633 (8th Cir. 2014). In this case, at the beginning of the VE's testimony, the ALJ told the VE that if any of her responses were inconsistent with the DOT, to please explain the inconsistency, to which the VE replied "I will." (Tr. 30). It is not clear whether the VE recognized the possible conflict between the hypothetical and the positions she identified, and no explanation for the conflict was offered at the hearing. Although in his decision, the ALJ stated that he determined the VE's testimony was consistent with the information contained in the DOT (Tr. 59), there is no indication that she was aware of the conflict or how she made such a determination. The Court therefore believes this failure to resolve the

conflict is reversible error. See e.g., Daniels v. Colvin, 2015 WL 224668 (W.D. Ark., Jan. 15, 2015). Based upon the foregoing, the Court concludes the ALJ did not resolve a conflict between the VE's testimony and the DOT and therefore, the VE's testimony did not constitute substantial evidence. On remand, the ALJ is instructed to identify and obtain a reasonable explanation for any conflict between the VE's testimony and the DOT.[1]

### IV.   Conclusion:

Accordingly, having carefully reviewed the record, the Court finds the ALJ's decision regarding Plaintiff's ability to perform the jobs he identified is not supported by substantial evidence, and therefore, the matter should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 17th day of June, 2016.

*/s/ Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[1] In Kemp v. Colvin, 743 F.3d 630, 633 n.3 (8th Cir. 2014), the Eighth Circuit noted that the necessary resolution of the identified issue may be accomplished by written interrogatories posed to the VE, and thus another administrative hearing may not be required.